# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WILLIAMS, | ) | |
| | ) | Civil Action No. 11 - 862 |
| Petitioner, | ) | |
| | ) | District Judge Terrence F. McVerry |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MARIROSA LAMAS, THE | ) | ECF No. 10 |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, AND | ) | |
| THE DISTRICT ATTORNEY OF | | |
| THE COUNT OF ALLEGHENY, | | |
| | | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) be granted, the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction, and a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Jeffrey Williams, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief in the petition should not be granted. Thereafter, Respondents filed a Motion to Dismiss the Petition for Writ of Habeas Corpus asserting that the instant petition is a second or successive petition which this Court lacks subject matter jurisdiction to entertain.  (ECF No. 10.)  Petitioner filed a response to the motion to dismiss.  (ECF No. 13.)

As discussed below, the Court finds that the petition is a second or successive petition in which Petitioner is challenging the sentence of imprisonment imposed upon him by the Court of Common Pleas of Allegheny County on September 17, 1991, and then modified on December 21, 2000, and May 31, 2001. Because he did not receive an order from the Third Circuit Court of Appeals authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that Respondents' motion be granted, that the petition be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

## A. Relevant Procedural History[1]

On April 19, 1991, Petitioner was charged by Criminal Information filed in the Court of Common Pleas of Allegheny County, Criminal Division, at CC1991032561, with rape (count one), statutory rape (count two), aggravated indecent assault (count three), indecent assault (count four), corruption of minors (count five), unlawful restraint (count six), and kidnapping (count seven). The charges arose from a December 28, 1990 incident involving a twelve-year old girl. Petitioner pled guilty to counts four, five, and six, and proceeded to trial on the remaining counts. Upon the conclusion of a jury trial, Petitioner was found guilty of aggravated indecent assault and kidnapping but not guilty of rape and statutory rape. On September 17, 1991, Petitioner was sentenced to five (5) to twelve (12) years imprisonment for his conviction of kidnapping and one-and-a-half (1½) to three (3) years imprisonment for his conviction of aggravated indecent assault, both sentences ordered to run concurrently.

---

[1] The relevant procedural history is taken from the October 29, 2010, Memorandum Opinion and Order denying Petitioner's previous habeas corpus petition in Case No. 2:10-cv-353-LPL; the Criminal Docket Sheet from Petitioner's state court proceedings in the Court of Common Pleas of Allegheny County, Docket No. CP-02-CR-0003256-1991; and the Superior Court of Pennsylvania's July 2, 2009, order and opinion denying Petitioner's third PCRA petition, Commonwealth v. Williams, 977 A.2d 1174 (Pa. Super. 2009).

Petitioner appealed to the Superior Court of Pennsylvania, and that court affirmed his judgment of sentence on January 12, 1993. Petitioner did not petition for allowance of appeal to the Pennsylvania Supreme Court.

In 1993, Petitioner filed a *pro se* post-conviction motion pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). After appointed counsel filed an amended petition, the PCRA court denied relief. Petitioner filed a notice of appeal, but later filed a *praecipe* for discontinuance, which was granted. He filed a second *pro se* PCRA petition in 1995, and appointed counsel filed an amended petition. The PCRA court dismissed the petition, and Petitioner filed a notice of appeal. However, the appeal was later discontinued because the Commonwealth and Petitioner reached an agreement the he was entitled to relief on a Motion to Modify Sentence *Nunc Pro Tunc* that was filed by Petitioner, through counsel, on December 8, 2000. According to both parties, the sentencing court had miscalculated Petitioner's prior record score.

On December 21, 2000, the trial court vacated Petitioner's original sentence and imposed a new sentence of two-and-a-half (2½) to five (5) years imprisonment for kidnapping, effective September 9, 1991, followed by four (4) years probation. On March 26, 2001, the Commonwealth filed a Motion to Clarify Sentence so that Petitioner would receive credit for all time spent in custody since the date of his conviction. On May 31, 2001, the trial court issued a new sentencing order and Petitioner was re-sentenced to one (1) to five (5) years for kidnapping, effective September 17, 1991, followed by a consecutive four (4) years probation for aggravated indecent assault, to start immediately upon completion of the sentence imposed for kidnapping. As a result of this new sentence, Petitioner was released from incarceration; he was also deemed to have completed his term of probation at the time of his release. However, as a result of his

conviction for aggravated indecent assault, Petitioner was subjected to lifetime registration under Pennsylvania's Registration of Sexual Offender's Act (Megan's Law II).

On September 14, 2006, Petitioner filed a *pro se* petition for writ of coram nobis, alleging that the sentence imposed on May 31, 2001, was illegal because he was not present at the sentencing hearing and that the new sentence violated the Double Jeopardy clause of the Constitution. The state court docket does not reveal that the trial court ruled on this motion. On July 12, 2007, Petitioner filed a third *pro se* PCRA petition. In the petition, he alleged newly discovered evidence regarding allegedly inconsistent testimony by the victim in an unrelated trial. On July 30, 2008, the PCRA court dismissed the petition without a hearing, finding Petitioner's claim untimely raised. Petitioner appealed, arguing that although he had completed serving his term of incarceration and was not serving a term of probation or parole, he was still subject to the lifetime registration under Megan's Law II and therefore eligible for relief under the PCRA. The Superior Court disagreed and affirmed the denial of his PCRA on July 2, 2009. The Pennsylvania Supreme Court denied a petition for allowance of appeal on March 25, 2010.

### B. Prior Federal Habeas Corpus Proceedings

On March 16, 2010, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court wherein he raised two claims: (1) inconsistent testimony by the victim amounted to newly-discovered evidence that would have altered the outcome of his trial, and (2) his 2001 recalculated sentence violated Double Jeopardy. *See* Case No. 2:10-cv-353-LPL (ECF No. 3.) Respondents filed an Answer to the petition on May 13, 2010, and Petitioner filed a response on May 26, 2010. Id. at (ECF Nos. 10, 12.)

In a Memorandum Opinion and Order dated October 29, 2010, the Court denied relief finding that the petition was not cognizable under 28 U.S.C. § 2254 and denying a certificate of

appealability. Id. at (ECF No. 15.) Specifically, Respondents argued that Petitioner had not satisfied the § 2254(a) "in custody" requirement because he had completed serving his sentence on the conviction that he was attempting to challenge (*i.e.*, the 1991 conviction) at the time he filed his habeas petition. Petitioner argued that he met the "in custody" requirement because the sentence he was currently serving (for an unrelated conviction in 2007) was enhanced by the 1991 conviction and subsequent improper modification of the sentence in 2001. He also argued that he met the "in custody" requirement for the 1991 conviction because that conviction subjected him to lifetime reporting requirement for sexual offenders under Pennsylvania's Registration of Sexual Offender's Act (Megan's Law II). After examining Petitioner's arguments, the Court found that both lacked merit. *See* id.

On November 9, 2010, Petitioner filed a Petition pursuant to Federal Rule of Civil Procedure 60(b), requesting relief from the judgment entered on October 29, 2010. Id. at (ECF No. 16.) The motion was denied, and Petitioner filed a Notice of Appeal to the Third Circuit Court of Appeals. Id. at (ECF Nos. 17, 18.) In an April 14, 2011, Order denying Petitioner's request for a certificate of appealability, the Third Circuit stated:

> Williams argues that a 1991 sentence − that he has fully served − was improperly modified in 2000 and 2001, and that the improper modification thereafter enhanced sentences imposed on unrelated matters in 2006 and 2007. Williams may *only* address these errors, to the extent that he may do so at all, by framing his petition as a challenge to his current conviction and sentence. But of the two current convictions at issue, one has been vacated and remanded for a new trial; an attack on it would therefore be moot. And while Williams avers that his 2007 sentence was improperly enhanced, it is unclear whether he has finished state direct and collateral review of the aspects of that sentence and conviction to which he objects. It is essential that habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief, and Williams was not asked whether his petition challenging his 1991 convictions should be reconfigured as attacking his 2007 conviction. Accordingly, we will not reconfigure the request on appeal. We emphasize, however, that the current petition does not "count" as an attack on Williams's current custody.

> Should Williams wish to attack his 2007 sentence as improperly enhanced by his 1991 sentence, he should do so in a new petition that gathers other claims he may wish to raise as to that conviction. We emphasize that we do not decide at this time whether the District Court may consider in such a petition whether Williams's rights were violated when the 1991 conviction (or, more specifically, the state court's 2000/2001 recalculations of his sentence under that conviction) was used to figure the current sentence; we observe, however, that the District Court may have too narrowly viewed the situations where that is possible under Coss.

Id. at (ECF No. 23) (internal citations and quotations omitted).

On June 20, 2011, Petitioner filed a second Petition pursuant to Federal Rule of Civil Procedure 60(b), which this Court denied on June 21, 2011. Id. at (ECF No. 25.)

### C. Instant Habeas Corpus Proceedings

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus on June 27, 2011. (ECF Nos. 1, 5.) Respondents move to dismiss the petition on the basis that it is a second or successive petition, which Petitioner has not been granted permission to file by the Third Circuit Court of Appeals. (ECF No. 10.) Petitioner, however, responds that his petition should not be dismissed pursuant to the Third Circuit's April 14, 2011, Order wherein he was told that his prior habeas petition did not "count" as an attack on his current custody and if he wished to challenge his new conviction or sentence as being improperly enhanced by his original conviction and sentence then he could do so by filing a new petition. (ECF No. 13.)

The Court notes that Petitioner was told that if he wished to attack his 2007 conviction and sentence as improperly enhanced by his 1991 conviction and recalculated sentence, then he should do so in a new petition setting forth all claims that he may wish to raise as to that conviction. He was specifically told that he may *only* address errors to his original conviction and sentence (the 1991 conviction and the 2000/2001 resentence), *to the extent that he may do so*

6

*at all*, by framing his petition as a challenge to his current conviction and sentence. Petitioner, however, has not done this.

In his current habeas petition, Petitioner sets forth four claims for relief, two of which are identical to the claims he raised in his first habeas petition attacking his 1991 conviction and 2000/2001 resentence. First, Petitioner asserts a Sixth Amendment violation when the trial court improperly modified his sentence on May 31, 2001, without he or his counsel being present. (ECF No. 1 at 5.) Second, Petitioner claims a violation of Double Jeopardy because he was resentenced for his 1991 conviction on aggravated indecent assault after his sentence for that conviction had already expired. (ECF No. 1 at 7.) Third, Petitioner claims newly discovered evidence would have altered the outcome of his 1991 trial.[2] (ECF No. 1 at 9.) Finally, Petitioner asserts a Sixth Amendment violation when trial counsel failed to object when the State called a detective to testify about the contents of a crime lab report and "no criminalist was available for cross examination."[3] (ECF No. 1 at 10.)

Even giving Petitioner the benefit of the doubt, there is no way the Court can construe Petitioner's claims as an attack on his current conviction and sentence.[4] It is evident from the petition that he is still attempting to directly challenge his original 1991 conviction and sentence (or 2000/2001 resentence) for which he is no longer incarcerated. In fact, Petitioner even

---

[2] According to Petitioner, the victim of his 1991 conviction testified in an unrelated trial in 2007, and her testimony differed from that which she gave in Petitioner's trial.

[3] Although it is unclear as to when this alleged violation occurred (*i.e.*, during his 1991 trial) Petitioner does state that he raised this issue "in the old judgment entered on September 17, 1991, not in the new unaware judgment entered on May 31, 2001." (ECF No. 1 at 11.) Additionally, according to Petitioner's first habeas petition, he raised this claim in his 1993 PCRA petition. *See* Case No. 2:10-cv-353-LPL (ECF No. 3 at 3.) Thus, the Court will assume that this alleged violation occurred in connection with Petitioner's 1991 conviction.

[4] Petitioner is currently serving an aggregate sentence of fifteen (15) to thirty (30) years for a conviction in 2007 for kidnapping, corruption of minors, possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. *See* Case No. 2:10-cv-353-LPL (ECF No. 15 at 7.)

indicates on the first page of his petition that he is challenging his conviction and sentence for the 1991 kidnapping and aggravated indecent assault charges, (ECF No. 1 at 1), and nowhere in the petition does he even mention a conviction and sentence other than this. As such, the Court will not construe the petition as challenging any conviction other than the one imposed in 1991. *See* Pumphrey v. Phelps, No. 08-297-GMS, 2009 U.S. Dist. LEXIS 113992, at *6 (D. Del. Dec. 8, 2009) (refusing to construe petitioner's habeas petition as an attack on anything other than his prior conviction and sentence for which he is no longer in custody given the lack of information in his petition regarding his current conviction and sentence).

Petitioner is again reminded that if he wishes to attack his 2007 conviction and sentence, for which he is currently incarcerated, on the ground that it was improperly enhanced by his 1991 conviction and the 2000/2001 resentence, then he may do so by filing a separate habeas petition challenging his 2007 conviction and sentence. In the petition, he should put forth all claims he may wish to raise as to that conviction, *including* the claim that his current sentence was improperly enhanced. However, he should be aware of the one-year time restriction imposed on the filing of habeas petitions by 28 U.S.C. § 2244(d).

Because the instant habeas petition is the second petition that Petitioner has filed in which he challenges his 1991 conviction and sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, the AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facia showing that

the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive fillings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Petitioner has not received permission from the Third Circuit Court of Appeals to file a second or successive petition challenging his 1991 conviction and sentence. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction.

### D. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) be granted, the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction, and a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: January 25, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Jeffrey Williams
GU3700
PO Box A
Bellefonte, PA 16823

Counsel of record.